# Third District Court of Appeal

## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2164
Lower Tribunal No. 21-88-M
_____

**Oliver Cornell Boksa, Jr.,**
Appellant,

vs.

**Vicki Lynn Hogan,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Oliver Cornell Boksa, Jr., in proper person.

The Manz Law Firm, and David L. Manz, for appellee.

Before EMAS, SCALES, and LINDSEY, JJ.

ON MOTION TO DISMISS

LINDSEY, J.

In December 2022, pro se Appellant Oliver Cornell Boksa, Jr. appealed from a Final Judgment of Dissolution of Marriage.  Boksa failed to timely file an initial brief, so this Court issued an order informing Boksa that the "cause will be subject to dismissal unless the [initial brief] is filed within ten (10) days" from the date of the order.  Boksa failed to comply, and the appeal was dismissed on April 11, 2023.

Boksa sought reinstatement of the appeal.  This Court vacated the dismissal, reinstated the appeal, and granted Boksa 30 days to file his initial brief.  Boksa filed an initial brief, but it did not comply with the requirements set forth in Florida Rule of Appellate Procedure 9.210.

Appellee Vicki Lynn Hogan moved to strike the initial brief, arguing, in part, that Boksa's statement of facts was "devoid of a single record or transcript citation."  See Fla. R. App. P. 9.210(b) ("The initial brief shall contain . . . (3) a statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal, with references to the appropriate pages of the record or transcript . . . .").  Moreover, the argument failed to include any citation to authority. See id. ("The initial brief shall contain . . . (5) argument with regard to each issue, with citation to appropriate authorities, and including the applicable appellate standard of review . . . .").

This Court granted the motion to strike without prejudice and ordered Boksa to file an initial brief that conforms with Rule 9.210 within 30 days. This Court also cautioned that "**[f]ailure to comply with this Order may result in sanctions, including dismissal of this appeal**."

Boksa filed another initial brief. Once again, the brief fails to comply with the requirements set forth in Rule 9.210. The statement of facts remains devoid of a single citation to the record or any transcripts.[1] And the argument does not include any citation to authority. Boksa was given ample opportunity to comply with the Florida Rules of Appellate Procedure but has failed to do so. See, e.g., Plumer v. U.S. Bank Nat'l Ass'n, 231 So. 3d 512, 513 (Fla. 3d DCA 2017) ("[P]ro se parties are obligated to abide by the appellate rules."). Therefore, consistent with our order striking Boksa's first initial brief for failure to comply with Rule 9.210, we grant the motion to dismiss and dismiss the appeal.

Motion to dismiss granted; appeal dismissed.

---

[1] Boksa has failed to provide this Court with any transcripts from the lower court. See, e.g., Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").